### BAKER et al. v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. January 31, 1899.)

1. RECEIVER—ACCOUNTING.

Where, in partition, a receiver is appointed of the rents and profits, and a judgment is thereafter rendered dismissing the complaint, the court does not lose jurisdiction of the funds brought into court under the receivership, and may direct the receiver to account therefor.

2. SAME.

Where, pending partition, plaintiff executed a bond conditioned for payment of rents collected by him for other parties interested, and he was thereafter appointed a receiver, on dismissal of the action the order requiring him to account as receiver for the rents cannot compel him to account for the rents collected by him before appointment as receiver.

Appeal from special term, Kings county.

Action by Frank H. Baker and others against George E. Baker and others. From an order of the special term directing Frank H. Baker to account as receiver and individually for rents collected by him, he appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank E. Dana, for appellant.

V. B. Denslow, for respondents.

PER CURIAM. This action was instituted for the partition of certain real estate of which Edwin Baker, the father of the parties, died seised. During the pendency of the action, a motion was made for the appointment of a receiver of the rents and profits of the property, which the plaintiff at the time was collecting. This was denied on the plaintiff executing a bond conditioned for the payment to the other parties in interest of their share of the rents. With this condition the plaintiff complied. Afterwards the motion for the appointment of a receiver was renewed, and the plaintiff appointed receiver. Judgment of partition was entered in the action. On appeal this division of the court reversed the judgment, and dismissed the complaint, holding that the will of the testator effected an equitable conversion. Subsequently, the widow brought an action to construe the will, and for distribution of the estate. In this last action, judgment was entered directing the payment of their several shares to the parties in interest. Afterwards, on the application of two of the defendants, an order was made in this action directing the plaintiff to account to the defendants, both individually and as receiver, for their shares of the rents, and also enjoining the payment to the plaintiff of the sum awarded by the decree in the widow's action. From that order this appeal is taken.

By the judgment dismissing the complaint, the court did not lose jurisdiction of the funds brought into court under the receivership. The order, so far as it directs the plaintiff, as receiver, to account, is therefore correct. But the defendants' only remedy for rents collected prior to the time of the appointment of receiver must be by action on the bond given as a condition for denying the receivership. The court had no power in this action to stay the execution of the decree in the widow's action. Such a stay is in reality an injunction, and the pleadings and prayer for relief in this action, even when alive, presented no case authorizing an injunction.

The order should be affirmed so far as it directs the plaintiff to account as receiver, and in other respects reversed, without costs of this appeal to either party.